IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED INC., DIOMED HOLDINGS INC. and DIOMED LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC. and NANCY L. ARNOLD,<br><br>Defendants. | Civil Action No. 03 CV 12498 RWZ<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY BRIEF SUPPORTING THEIR MOTION TO DISMISS OR TRANSFER** |

The Defendants Vascular Solutions, Inc. ("VSI") and Nancy Arnold herein move pursuant to Local Rule 7.1(B)(3) for leave to file a reply memorandum regarding Defendants' Motion to Dismiss or Transfer. In support of this Motion, Defendants state as follows:

1. On January 26, 2004, Defendants moved to dismiss the Complaint because this Court lacks personal jurisdiction over Arnold, who is an indispensable party, and for improper venue. Alternatively, Defendants requested that the Court transfer the action due to improper venue.

2. On February 23, 2004, Plaintiffs filed voluminous opposition papers to Defendants' Motion to Dismiss or Transfer. Plaintiffs' submission included a 31-page Memorandum of Law, four declarations and approximately 65 pages of exhibits.

3. Defendants believe that filing a reply memorandum will help clarify the issues before the Court on this dispositive motion. Defendants therefore request an opportunity to address in writing many of the legal arguments made in Plaintiffs'

voluminous submission and to focus the Court on key facts relevant to the issues.

4. More specifically, a reply brief is necessary to (1) respond to legal arguments in Plaintiffs' Memorandum regarding the meaning of claims "arising out of" and "related to" the forum state for the purposes of personal jurisdiction; (2) respond to Plaintiffs' assertion that Arnold's contacts with Massachusetts as an agent of her former employer, Laser Peripherals Inc., satisfy the requirements of personal jurisdiction; and (3) respond to Plaintiffs' characterization and application of venue requirements to the facts of this case. Pursuant to Local Rule 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who stated that Plaintiffs do not oppose this motion.

5. Accordingly, Defendants herein requests leave of court to file a reply memorandum, up to ten (10) pages in length, within ten (10) days following the allowance of this motion.

WHEREFORE, Defendants respectfully request that this Motion be granted and that Defendants be allowed to file their reply memorandum, up to ten (10) pages in length, within ten (10) days after the allowance of this motion.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Defendants conferred with counsel for Plaintiffs, who stated that Plaintiffs do not oppose this motion.

Respectfully submitted:

VASCULAR SOLUTIONS, INC.
AND NANCY L. ARNOLD

By their Attorneys

*[signature]*

Steven L. Feldman (BBO #162290)
John R. Bauer (BBO #630742)
Ruberto, Israel & Weiner, P.C.,
100 North Washington Street
Boston, MA 02114
(617) 742-4200

J. Thomas Vitt
Todd R. Trumpold
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-5675
(Applications for *pro hac vice* admissions pending)

Dated: February 26, 2004

## CERTIFICATE OF SERVICE

I, John R. Bauer, hereby certify that on February 26, 2004, I caused to be served by hand upon the attorneys of record for the Plaintiff a true copy of the above document.

*[signature]*

John R. Bauer

U:\JRB\Vascular Solutions\Pleadings\Motion to File Reply.doc

3