IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED INC., DIOMED
HOLDINGS INC. and DIOMED
LIMITED,

Civil Action No. 03 CV 12498 RWZ

          Plaintiffs,

**DEFENDANTS' ANSWER AND
VSI'S COUNTERCLAIM**

v.

VASCULAR SOLUTIONS, INC.
and NANCY L. ARNOLD,

          Defendants.

Defendants Vascular Solutions, Inc. ("VSI") and Nancy L. Arnold ("Arnold")

(collectively "Defendants"), for their Answer to Plaintiffs' Complaint, state as follows:

## NATURE OF ACTION

1.     Defendants deny the allegations in Paragraph 1 of the Complaint.

2.     Defendants deny the allegations in Paragraph 2 of the Complaint.

## PARTIES

3.     Defendants lack knowledge or information sufficient to form a belief as to

the allegations in Paragraph 3 of the Complaint.

4.     For their answer to Paragraph 4 of the Complaint, Defendants deny that

Diomed representatives disclosed any trade secrets to Arnold, state that the

confidentiality agreement speaks for itself, and lack knowledge or information sufficient

to form a belief as to the remaining allegations in Paragraph 4.

5.     Defendants lack knowledge or information sufficient to form a belief as to

the allegations in Paragraph 5 of the Complaint.

6.    Defendants state that VSI's public filings speak for themselves and admit the remaining allegations in Paragraph 6 of the Complaint.

7.    Defendants admit the allegations in Paragraph 7 of the Complaint, except to deny that Arnold is the Executive Vice President of Marketing for VSI.  She is Senior Director of Marketing and Business Development for Vascular Solutions, Inc.

## JURISDICTION AND VENUE

8.    Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claims but deny that the Court has personal jurisdiction over Arnold.

9.    Defendants deny that venue is proper in this district.

## FACTUAL BACKGROUND

### A.    EVLT®, Diomed's Endovenous Laser Treatment Technology

10.    Defendants admit that Diomed sells the items listed in Paragraph 10 of the Complaint, but deny the remaining allegations in Paragraph 10.

11.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 of the Complaint except to admit that Diomed markets laser treatment products under the name EVLT®.

12.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13.    Defendants lack knowledge or information sufficient to form a belief as to the allegations regarding the safety and efficacy of the EVLT® system and deny the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations in Paragraph 14 of the Complaint.

15.    Defendants deny that Diomed owns rights to an "EVLT® procedure" and state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint.

16.    Defendants deny the allegations in Paragraph 16 of the Complaint.

**B.    Diomed Develops an Improved EVLT® System**

17.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 of the Complaint.

18.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 of the Complaint.

19.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 19 of the Complaint.

20.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 20 of the Complaint.

21.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint.

23.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint.

**C.    Nancy Arnold Learns of Diomed's Improved EVLT® System and Marketing Plans During Due Diligence on a Potential Transaction**

24.    Defendants admit that Diomed and Laser Peripherals discussed a possible acquisition and, with regard to the remaining allegations in Paragraph 24 of the

Complaint, state that the agreement speaks for itself.

25.     On information and belief, Defendants admit that Diomed and Laser Peripherals entered into a non-disclosure agreement, state that, with regard to the purpose of the Diomed-LP NDA, the agreement speaks for itself, and lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 25 of the Complaint.

26.     For their answer to Paragraph 26 of the Complaint, Defendants state that the agreement speaks for itself.

27.     For their answer to Paragraph 27 of the Complaint, Defendants state that the agreement speaks for itself.

28.     Defendants lack knowledge or information sufficient to form a belief as to who signed the Diomed-LP NDA and admit the remaining allegations in Paragraph 28.

29.     Defendants admit that Arnold spoke to Klein about Diomed's business and deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Defendants admit the allegations in Paragraph 34 of the Complaint but deny that these discussions ever included mention of a marked sheath.

35.     Defendants admit that Arnold prepared and circulated the Fibersdirect Inc. Business Plan 2002 but deny the remaining allegations in Paragraph 35 of the Complaint.

36.     For their answer to Paragraph 36 of the Complaint, Defendants state that

the document speaks for itself.

37.    Defendants admit Arnold was involved in discussions with Diomed and admit that Arnold was expected to be involved in the management of the new company but deny the remaining allegations in Paragraph 37 of the Complaint.

38.    For their response to the allegations of Paragraph 38 of the Complaint, Defendants state that the document speaks for itself and deny that Diomed disclosed to Arnold any information about the development and marketing of the Improved EVLT® System or EVLT® Marked Sheath.

39.    Defendants admit the allegations in Paragraph 39 of the Complaint.

40.    For their answer to Paragraph 40 of the Complaint, Defendants admit Diomed and Laser Peripherals never completed the transaction and state that the remaining allegations in Paragraph 40 state a legal conclusion that Defendants are not required to admit or deny.  To the extent the remaining allegations require a response, Defendants deny the allegations.

    **D.    Arnold and VSI Misappropriate Diomed's Trade Secrets Regarding the Improved EVLT® System**

41.    Defendants admit that VSI's principal business in September 2002 was vascular sealing devices and that its laser accessory products had not yet been marketed but deny the remaining allegations in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Defendants deny the allegations in Paragraph 43 of the Complaint.

44.    For their response to the allegations of Paragraph 44 of the Complaint, Defendants state that VSI did not disclose any of the details of its new product and deny

that any EVLT® marked sheath was disclosed to Arnold.

45.    For their response to the allegations of Paragraph 45 of the Complaint, Defendants state that VSI typically did not disclose any of the details of its new products in its public statements, that VSI does not know what statements Plaintiffs refer to as VSI's "media campaign," and deny the remaining allegations of Paragraph 45.

46.    Defendants deny the allegations in Paragraph 46 of the Complaint.

47.    Defendants deny the allegations in Paragraph 47 of the Complaint.

48.    For its response to the allegations of Paragraph 48 of the Complaint, Defendants state that the document speaks for itself.

**E.    Diomed's Exclusively-Owned "EVLT®" Trademark**

49.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Complaint.

50.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint

51.    For their response to Paragraph 51 of the Complaint, Defendants deny that the EVLT mark is valid and state that they lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 51.

52.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 52.

53.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 53.

54.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 54.

55.     The allegations in Paragraph 51 call for legal conclusions that Defendants are not required to admit or deny.  To the extent the allegations require a response, Defendants deny the allegations.

      **F.     VSI Intentionally Attempts to Trade on the Goodwill Associated with Diomed's Registered "EVLT®" Trademark**

56.     Defendants admit the allegations in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     Defendants admit that the letter is dated August 20, 2003 and was sent by counsel for Diomed to Root, and deny the remaining allegations in Paragraph 58 of the Complaint.

59.     For their response to the allegations of Paragraph 59 of the Complaint, Defendants state that the letter speaks for itself.

60.     Defendants admit that VSI distributed copies of its July 2003 newsletter at the conference.

61.     Defendants deny the allegations in Paragraph 61 of the Complaint.

62.     For its response to the allegations of Paragraph 62 of the Complaint, Defendants state that the document speaks for itself.

63.     Defendants deny the allegations in Paragraph 63 of the Complaint, except with respect to the allegations pertaining to the contents of the document, which speaks for itself.

64.     For their answer to the allegations in Paragraph 64 of the Complaint, Defendants state that the document speaks for itself.

65.     Defendants state that the contents of the article speak for themselves and

deny the remaining allegations in Paragraph 65 of the Complaint

66.     For their answer to Paragraph 65 of the Complaint, Defendants state that the document speaks for itself and deny the remaining allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67 of the Complaint, except to admit that VSI does not reference its Vari-Lase product on its www.veins.nu website. VSI states that the purpose of its www.veins.nu website, like its Endovenous Laser Reimbursement News newsletter, is to promote the laser therapy procedure.

68.     For their answer to Paragraph 68 of the Complaint, Defendants state that the documents speak for themselves and deny the remaining allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     For their answer to Paragraph 71 of the Complaint, Defendants state that the document speaks for itself.

**G.     VSI's Marketing Materials Falsely Claim that Diomed's EVLT® Warranty Violates Various Laws**

72.     For their answer to Paragraph 72 of the Complaint, Defendants state that the document speaks for itself.

73.     For their answer to Paragraph 73 of the Complaint, Defendants state that the document speaks for itself.

74.     For their answer to Paragraph 74 of the Complaint, Defendants state that the document speaks for itself.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint states a legal conclusion that Defendants are

not required to admit or deny.  To the extent the allegations require a response, Defendants deny the allegations.

77.    Defendants deny the allegations in Paragraph 77 of the Complaint.

78.    For their answer to Paragraph 78 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to whether Diomed has refused to service EVLT® laser consoles that have been used with disposable accessories manufactured by a competitor, state that Diomed's limited warranty speaks for itself, and that the remaining allegations in Paragraph 78 call for legal conclusions which Defendants are not required to admit or deny.  To the extent the remaining allegations require a response, Defendants deny the allegations.

79.    For their answer to Paragraph 79 of the Complaint, Defendants state that VSI's "Assurance of Compatibility" speaks for itself and that Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 79 of the Complaint.

80.    For their answer to Paragraph 80 of the Complaint, Defendants deny there is anything misleading in VSI's newsletter and admit that, as CEO, Root is charged with the management of VSI and authorized the publication of the Endovenous Laser Reimbursement News.

81.    For their response to the allegations of Paragraph 81 of the Complaint, Defendants admit that the description of Root's education and work experience is accurate and deny the remaining allegations in Paragraph 81.

I.    **MISAPPROPRIATION OF DIOMED'S TRADE SECRETS (Mass. Gen. L. ch. 93 § 42)**

82.    The nature of Paragraph 82 of the Complaint is such that it does not require a response.

83.    Defendants deny the allegations in Paragraph 83 of the Complaint.

84.    For their answer to Paragraph 84 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as Diomed's ownership of any trade secrets and deny that Plaintiffs have identified any trade secrets in their Complaint.

85.    Defendants deny the allegations in Paragraph 85 of the Complaint.

86.    Paragraph 86 of the Complaint states a legal conclusion that Defendants are not required to admit or deny.  To the extent the allegations require a response, Defendants deny the allegations.

87.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 87 of the Complaint.

88.    Defendants deny the allegations in Paragraph 88 of the Complaint, except to admit that other companies do not have a marked sheath in their endovenous laser kits.

89.    Defendants deny the allegations in Paragraph 89 of the Complaint.

90.    Defendants deny the allegations in Paragraph 90 of the Complaint.

91.    Defendants deny the allegations in Paragraph 91 of the Complaint.

92.    Defendants deny the allegations in Paragraph 92 of the Complaint.

93.    Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Defendants deny the allegations in Paragraph 94 of the Complaint.

## II.   FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114 *et seq*.) - AS TO VSI ONLY.

95.    The nature of Paragraph 95 of the Complaint is such that it does not require a response.

96.    VSI denies the allegations in Paragraph 96 of the Complaint.

97.    VSI denies the allegations in Paragraph 97 of the Complaint.

98.    VSI denies the allegations in Paragraph 98 of the Complaint.

99.    VSI denies the allegations in Paragraph 99 of the Complaint.

100.    VSI denies the allegations in Paragraph 100 of the Complaint.

101.    VSI denies the allegations in Paragraph 101 of the Complaint.

102.    VSI denies the allegations in Paragraph 102 of the Complaint.

## III.   FALSE DESIGNATION OF ORIGIN AND PALMING OFF (15 U.S.C. § 1125(a)) - AS TO VSI ONLY.

103.    The nature of Paragraph 103 of the Complaint is such that it does not require a response.

104.    VSI denies the allegations in Paragraph 104 of the Complaint.

105.    VSI denies the allegations in Paragraph 105 of the Complaint.

106.    VSI denies the allegations in Paragraph 106 of the Complaint.

## IV.   FALSE ADVERTISING (15 U.S.C. § 1125(a)(1)) - AS TO VSI ONLY.

107.    The nature of Paragraph 107 of the Complaint is such that it does not require a response.

108.    VSI lacks knowledge or information sufficient to form a belief as to whether Diomed's limited warranty or warranty services are a key feature to purchasers and deny the remaining allegations in Paragraph 108 of the Complaint.

109.    VSI denies the allegations in Paragraph 109 of the Complaint.

110.    VSI denies the allegations in Paragraph 110 of the Complaint.

## V.    DEFAMATION AND TRADE LIBEL  -  AS TO VSI ONLY.

111.    The nature of Paragraph 111 of the Complaint is such that it does not require a response.

112.    VSI denies the allegations in Paragraph 112 of the Complaint.

113.    VSI denies the allegations in Paragraph 113 of the Complaint.

114.    VSI denies the allegations in Paragraph 114 of the Complaint.

115.    VSI denies the allegations in Paragraph 115 of the Complaint.

## VI.    INJURIOUS FALSEHOOD AND COMMERCIAL DISPARAGEMENT  - AS TO VSI ONLY.

116.    The nature of Paragraph 116 of the Complaint is such that it does not require a response.

117.    VSI denies the allegations in Paragraph 117 of the Complaint.

118.    VSI denies the allegations in Paragraph 118 of the Complaint.

119.    VSI denies the allegations in Paragraph 119 of the Complaint.

## VII.   TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS  -  AS TO VSI ONLY.

120.    The nature of Paragraph 120 of the Complaint is such that it does not require a response.

121.    For its answer to Paragraph 121 of the Complaint, VSI denies that it acquired any confidential information from Arnold regarding Diomed and states that it lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 121.

122.    VSI lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 122 of the Complaint.

123.    VSI lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 123.

124.    VSI denies the allegations in Paragraph 124 of the Complaint.

125.    For its answer to the allegations in Paragraph 119 of the Complaint, VSI denies that VSI has interfered with Diomed's customers in any respect.

## VIII.    TORTIOUS INTERFERENCE WITH CONTRACT  -  AS TO VSI ONLY.

126.    The nature of Paragraph 126 of the Complaint is such that it does not require a response.

127.    VSI denies the allegations in Paragraph 127 of the Complaint, except to admit that VSI was aware that Diomed sold equipment for the laser treatment of varicose veins.  VSI denies that VSI's decision to hire Arnold was connected in any way to her contacts with Diomed.

128.    VSI denies the allegations in Paragraph 128 of the Complaint.

129.    VSI denies the allegations in Paragraph 129 of the Complaint.

130.    VSI denies the allegations in Paragraph 130 of the Complaint.

## IX.    BREACH OF NONDISCLOSURE AGREEMENT AGAINST NANCY L. ARNOLD  -  AS TO ARNOLD ONLY.

131.    The nature of Paragraph 131 of the Complaint is such that it does not require a response.

132.    Paragraph 132 states a legal conclusion that Arnold is not required to admit or deny.  To the extent the allegations require a response, Defendants deny the allegations.

133.    Paragraph 133 states a legal conclusion that Arnold is not required to admit or deny.

134.    Arnold denies the allegations in Paragraph 134 of the Complaint.

135.    Arnold denies the allegations in Paragraph 135 of the Complaint.

136.    Arnold denies the allegations in Paragraph 136 of the Complaint.

137.    Arnold denies the allegations in Paragraph 138 of the Complaint.

## X.    FEDERAL AND COMMON LAW UNFAIR COMPETITION

138.    The nature of Paragraph 138 of the Complaint is such that it does not require a response.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations in Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations in Paragraph 142 of the Complaint.

## XI.    ACCOUNTING

143.    The nature of Paragraph 143 of the Complaint is such that it does not require a response.

144.    Defendants deny the allegations in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations in Paragraph 145 of the Complaint.

## XII.    UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER MASS. GEN. L. CH. 93A

146.    The nature of Paragraph 146 of the Complaint is such that it does not require a response.

147.    Defendants admit the allegations in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations in Paragraph 150 of the Complaint.

151.    Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

152.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

153.    Plaintiffs are estopped from seeking, have waived the ability to seek, or are barred by the doctrine of laches from seeking some or all of the relief requested in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

154.    Plaintiffs have not suffered any damages as a result of any actions or inactions by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

155.    Plaintiffs' claims are barred because Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of facts by reason of which the liability is alleged to exist.

## FIFTH AFFIRMATIVE DEFENSE

156.    Plaintiffs' claims against Arnold are barred because this Court lacks personal jurisdiction over Arnold.

## SIXTH AFFIRMATIVE DEFENSE

157.    Plaintiffs' claims against VSI are barred because this Court lacks personal jurisdiction over Arnold and Arnold is an indispensable party.

## SEVENTH AFFIRMATIVE DEFENSE

158.    Plaintiffs' claims are barred because venue is improper.

## EIGHTH AFFIRMATIVE DEFENSE

159.    Plaintiffs' claims against Arnold are barred because Plaintiffs are contractually bound to arbitrate those claims.

## NINTH AFFIRMATIVE DEFENSE

160.    Plaintiffs' claims are barred, in whole or in part, because, at all times relevant to this action, Defendants acted in good faith, reasonably, and without intent or recklessness.

## TENTH AFFIRMATIVE DEFENSE

161.    Plaintiffs' claims alleging misappropriation of trade secrets are barred because VSI developed its Vari-Lase product independently.

## ELEVENTH AFFIRMATIVE DEFENSE

162.    Plaintiffs' claims alleging false advertising, defamation, trade libel, injurious falsehood, and commercial disparagement are barred because Defendants' statements are true.

## TWELTH AFFIRMATIVE DEFENSE

163.    Plaintiffs' claims alleging tortious interference, unfair competition and deceptive trade practice are barred because Defendants' acts were justified and within their competitive rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

164.    Plaintiffs' claims of unfair and deceptive trade practices under Mass. Gen. l. Ch. 93A are barred because Defendants actions did not occur primarily and substantially in Massachusetts.

## FOURTEENTH AFFIRMATIVE DEFENSE

165.    Plaintiffs' claims based on the Diomed-Laser Peripherals non-disclosure agreement are barred by the terms of that agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

166.    Plaintiffs' claims based on an alleged oral agreement with Arnold are barred by the terms of the non-disclosure agreement and the statute of frauds.

## SIXTEENTH AFFIRMATIVE DEFENSE

167.    Plaintiffs' trademark claims are barred because VSI is not using, and has never used, "ELT" as a mark.

### SEVENTEENTH AFFIRMATIVE DEFENSE

168.   Plaintiffs' trademark claims are barred because VSI is entitled to the fair use of the term "ELT."

### EIGHTEENTH AFFIRMATIVE DEFENSE

169.   Plaintiffs' trademark claims are barred because Plaintiffs do not have any valid trademark rights in the term "EVLT."

### NINETEENTH AFFIRMATIVE DEFENSE

170.   Plaintiffs' damages are barred, in whole or in part, because Plaintiffs failed to mitigate damages.

### TWENTIETH AFFIRMATIVE DEFENSE

171.   Plaintiffs' claims for punitive damages are barred because they are not permitted by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

172.   Plaintiffs' claims fail, in part, because not all Plaintiffs have standing or a legal basis for each claim asserted.

### COUNTERCLAIM OF VSI

### COUNT I
### DECLARATORY JUDGMENT – TRADEMARK INVALIDITY

1.   Vascular Solutions, Inc. ("VSI") realleges the allegations made in Paragraphs 1-180 as if fully set forth herein.

2.   VSI is a corporation organized and existing under the laws of the State of Minnesota with its headquarters located at 6464 Sycamore Court, Minneapolis, Minnesota.

3.      On information and belief, Diomed Inc. ("Diomed") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Dundee Park, Suite 5/6, Andover, Massachusetts, and is the holder of the EVLT® mark.

4.      This Court has subject matter jurisdiction over this Counterclaim pursuant to the Lanham Act, 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§ 1331 and 1338(a). The counterclaim is also proper because it is so related to the claims of the pending action brought by Plaintiffs against Defendants that it forms a part of the same case or controversy.

5.      This Court has personal jurisdiction over Diomed because Diomed has submitted itself to the jurisdiction of this Court by filing the present action.

6.      Venue for this counterclaim is proper pursuant to 28 U.S.C. § 1391.

7.      The mark "EVLT" is invalid and unprotectable as a trademark, because, *inter alia*, the term is merely descriptive and has been used so generally by Plaintiffs as to fail the requirement of distinctiveness.

8.      VSI seeks from this Court a declaration that the registered trademark "EVLT" is invalid and unenforceable and that any registrations for the mark, pursuant to the Court's authority under 15 U.S.C. § 1119, be cancelled.

### PRAYER FOR RELIEF

Wherefore, Defendants pray that the Court provide the following relief:

1.      Deny all relief requested by Plaintiffs and dismiss Plaintiffs' Complaint with prejudice;

2.    Declare Diomed's EVLT mark invalid and cancel any registration of the mark pursuant to 15 U.S.C. § 1119;

3.    Award Defendants their costs and reasonable attorneys' fees as allowed by law;

4.    Award Defendants such further relief as the Court may deem just and equitable.

## JURY DEMAND

Defendants demand a jury on all claims so triable.


                                        VASCULAR SOLUTIONS, INC.

Dated: June 16, 2004


                                        By its Attorneys,

                                        /s/ John R. Bauer
                                        Steven L. Feldman (BBO #162290)
                                        John R. Bauer (BBO #630742)
                                        Ruberto, Israel & Weiner, P.C.
                                        100 North Washington Street
                                        Boston, MA 02114
                                        (617) 742-4200

                                        J. Thomas Vitt
                                        Todd R. Trumpold
                                        Dorsey & Whitney LLP
                                        50 South Sixth Street, Ste. 1500
                                        Minneapolis, MN  55402-1498
                                        (612) 340-5675

U:\JRB\Vascular Solutions\Pleadings\Answer and Counterclaim.doc