UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DIOMED, INC., DIOMED HOLDINGS, INC. and DIOMED LIMITED,<br><br>               Plaintiffs,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC. and NANCY L. ARNOLD,<br><br>               Defendants. | Civil Action No. 03 CV 12498 RWZ<br><br>**DECLARATION OF J. THOMAS VITT IN SUPPORT OF DEFENDANT VASCULAR SOLUTIONS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES 4, 5, AND 6** |

I, J. Thomas Vitt, declare as follows:

      1.      I am a partner with Dorsey & Whitney LLP and lead trial counsel for Defendants. I offer this Declaration in support of Defendant Vascular Solutions, Inc.'s ("VSI") Motion To Compel Production Of Documents And Answers To Interrogatories 4, 5, and 6.

      2.      I attach as Exhibit 1 a true and correct copy of the April 2, 2002 Non-Disclosure Agreement ("NDA") between Diomed Holdings Inc. and Defendant Nancy Arnold's former employer, Laser Peripherals, LLC.

      3.      On July 2, 2004, a few days before the Rule 26 Discovery Conference in this case, I contacted Plaintiffs' counsel and requested that Plaintiffs specifically identify each item of alleged trade secrets or confidential information that Diomed allegedly disclosed to Arnold. I also requested that Diomed produce, as part of its initial disclosures, any marked documents evidencing a written disclosure of confidential information as required by the NDA and any written confirmations evidencing verbal

disclosures of confidential information as required by the NDA. Attached as Exhibit 2 is a true and correct copy of the email chain from me to Holly Bart and Michael Albert on July 2, 2004 regarding this issue.

4. On July 15, 2004, I sent Diomed's counsel a letter further explaining the basis for the request and providing citations to supporting case law. Attached as Exhibit 3 is a true and correct copy of the letter I sent to Diomed's counsel, Michael Albert, on July 15, 2004. Diomed never made any substantive response to this letter.

5. Attached as Exhibit 4 is a true and correct copy of Diomed's Initial Disclosures. Diomed did not specifically identify any marked documents or written confirmations evidencing disclosures under the NDA. Diomed also ignored my request that Diomed produce these documents immediately as part of its initial disclosures.

6. On July 7, 2004, Defendant Vascular Solutions served its first set of interrogatories and requests for documents to Diomed. VSI's interrogatories 4, 5, and 6 asked Diomed to specifically identify three categories of information: 1) confidential information disclosed to Arnold in writing and marked confidential in accordance with the NDA; 2) confidential information disclosed to Arnold verbally and confirmed in writing in accordance with the NDA; and 3) confidential information disclosed to Arnold verbally but not confirmed in writing in accordance with the NDA. Attached as Exhibit 5 is a true and correct copy of VSI's First Set of Interrogatories and Requests for the Production of Documents and Things to Plaintiffs.

7. On August 6, 2004, the day Diomed's discovery responses were due, counsel for Plaintiffs called me and requested an additional two weeks to respond to the requests. I told Diomed's counsel that Defendants were ready to respond to Diomed's

discovery that day, but that I would grant the extension if Diomed would produce the NDA documents as soon as possible.

8.      Michael Albert, Diomed's Boston counsel, informed me during this August 6 phone call that he did not know if any such documents even existed, because he had only recently taken over as lead counsel from Diomed's New York counsel. I pointed out that, under Fed. R. Civ. P. 11, Diomed's New York counsel must have reviewed the NDA documents before filing the Complaint alleging breach of the NDA on December 11, 2003, and therefore Albert should be able to obtain the documents simply by calling New York counsel.

9.      Albert agreed to look into the matter and to produce the NDA documents as soon as possible. I then agreed to the requested two-week extension. Attached as Exhibit 6 is a true and correct copy of an email chain between M. Albert and T. Vitt on August 6 and August 13, 2004 regarding this agreement.

10.     Diomed never produced the NDA documents. On August 13, 2004, I sent an email to Mr. Albert repeating my request. See Ex. 6. I did not receive any substantive response to my requests until Diomed served its discovery responses on August 20, which I received after I returned from vacation on August 26.

11.     I attach as Exhibit 7 a true and correct copy of Diomed's Answers to VSI's First Set of Interrogatories to Plaintiffs. Diomed evaded our interrogatories 4, 5, and 6 and did not identify separately: 1) the trade secrets and confidential information disclosed in writing and marked under the NDA; 2) the trade secrets and confidential information disclosed verbally and confirmed in writing as required by the NDA; and 3) the trade secrets and confidential information disclosed verbally and not confirmed in writing as

required by the NDA. Instead, Diomed relied on one answer, lumping together all three distinct interrogatories regarding the confidential and trade secret information allegedly disclosed to Arnold. In addition, Plaintiffs' answers did not respond to every category of information requested.

12. I objected to Plaintiffs' answers to these interrogatories in an email to Diomed's counsel on August 27. Attached as Exhibit 8 is a true and correct copy of my email to Michael Albert on August 27, 2004. Counsel for Diomed never responded to this request. No supplemental answers have been provided, and no NDA documents have been identified and produced. On September 3, 2004, I had a meet and confer telephone conference with Jim Foster (Mr. Albert was not available when I called). The meet and confer conference did not resolve the issues presented by this motion.

13. I estimate that at the time of this filing Defendants' counsel have spent 19 hours to prepare and file this motion. We are charging an hourly rate of $285 hour, so total fees are $5,415.00.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of September, 2004.

                                         /s/ J. Thomas Vitt

                                         J. Thomas Vitt