# MUTUAL AND RECIPROCAL NON-DISCLOSURE AGREEMENT

This Agreement, executed this 2nd day of April, 2002, is being entered into by and between Laser Peripherals, LLC., a Minnesota company ("Laser Peripherals"), and Diomed Holdings Inc a US corporation ("Company"), for the purpose of preventing unauthorized disclosure of "Confidential Information" (as herein defined) of either party hereto which may be disclosed to other party hereto in connection with Laser Peripherals' and Company's evaluation of, and potential negotiation and entry into of, a business relationship (the "Transaction") between such parties.

As used herein, the term "Confidential Information" means: (i) all information whether provided in written or oral form (if properly marked or otherwise identified as "confidential"), including formula, patterns, complications, programs, devices, methods, techniques or processes, of either party which are in the nature of patented or patentable information, know-how, trade secrets, proprietary information or other information that is not otherwise known to the public as of this date, and (ii) all information obtained by visiting the other party's facilities. All reference to "party" herein include the subsidiaries, affiliates, directors, officers, employees, partners, agents, advisors and other persons or entities retained or employed by a party during the term of this Agreement.

In connection with an exchange of "oral" information or information obtained while "visiting a party's faciliaties", such information shall only be "Confidential Information" if the party seeking confidentiality provides in writing within 3 business days of the oral communication or the facility visit, a summary of the those comments or subjects or physical items that are considered confidential by that party. The parties will in good faith and timely seek to clarify any ambiguities and keep all information confidential until clarifications are agreed.

Each party hereto hereby recognizes the right of the other party to prevent unauthorized disclosure of such Confidential Information, and in consideration of the disclosure thereof to each party, and in consideration of the mutual covenants herein contained, each of the parties agrees as follows:

1. To be protected by this Agreement, Confidential Information must be marked (or confirmed in writing within 3 business days in the case of verbal disclosures or facility visits as required herein) as such by each party at the time of its disclosure or delivery to the other party or within 10 business days thereafter. In the case of disclosure by way of inspection of the facilities of one party, the other party shall be advised at the time of such inspection, or within 10 business days thereafter, as to those aspects which include Confidential Information.

2. All Confidential Information made available to either party by the other party shall remain the property solely of the disclosing party. The parties hereto understand and agree that disclosure of any Confidential Information of one party to the other will be made only upon the express conditions that:

(i) such Confidential Information will be received and accepted in confidence by the receiving party,

(ii) the receiving party will not, without the prior written approval of the disclosing party (which shall be given or withheld in its sole discretion), use such information for its own benefit (or for the benefit of any party other than the disclosing party), or publish or otherwise disclose any such Confidential Information to at third party,

(iii) disclosure by the receiving party shall be made only to the extent necessary to enable the receiving party to comply with its contractual obligations to the disclosing party, and

1

Exhibit 1

**Exhibit A**

        (iv) any such third party shall agree in writing, prior to such disclosure, to maintain the Confidential Information in strict confidence without any subsequent disclosure and in accordance with the terms of the Agreement.

3. Each party hereto agrees strictly to limit access to Confidential Information to those of its officers, directors, or employees, or the third parties described in paragraph 2 hereof, who must have Confidential Information in order to carry out the terms of any agreement made between the parties hereto.

4. Confidential Information supplied hereunder shall no longer be deemed to be Confidential Information for purposes of this Agreement:

        (i) if the receiving party can demonstrate that it was in possession of such Confidential Information before disclosure thereof to such receiving party was made hereunder, or

        (ii) if such Confidential Information becomes publicly available through no fault of either party, or

        (iii) if such Confidential Information is lawfully obtained by the receiving party from a third party after disclosure by the third party, or

        (iv) if such Confidential Information is designated by the disclosing party as non-confidential, or

        (v) is independently developed by the receiver, provided the person or persons developing the same have not had access to the Confidential Information, or

        (vi) the disclosing party release its Confidential Information to a third party without restriction on disclosure.

5. Each party hereto agrees that monetary damages would not be a sufficient remedy for breach of the terms of this Agreement. Therefore, in the event of any disclosure or other misappropriation of Confidential Information in violation of this Agreement by one party, the other party shall be entitled to obtain from any court of competent jurisdiction any order restraining any further disclosure or misappropriation of such Confidential Information, without the necessity of proving damages or posting bond in connection therewith, and for such other and further relief ( including obtaining monetary damages) as may be appropriate under the circumstances.

6. Neither party shall utilize the Confidential Information disclosed to it by the other party, either in its own development work or for commercial purposes, without the prior written consent of the other party.

7. Upon request by the disclosing party, the receiving party shall surrender to the disclosing party all Confidential Information and any written, recorded or other tangible form, including without limitation any notes, memoranda, notebooks, drawings, prototypes or models (including all copies thereof), which is then in the receiving party's possession. The parties hereto acknowledge and agree that all such written, recorded or other tangible materials are, and shall remain, at all times the property of the disclosing party.

8. This Agreement does not make either party the employee, agent or legal representative of the other for any purpose whatsoever. Neither party is granted any right or authority to assume or to create any obligation or responsibility, express or implied, on behalf of or in the name of the other party. In fulfilling its obligations pursuant to this Agreement, each party will be acting as an independent contractor.

2

9. Neither this Agreement nor any right, title, interest or obligation hereunder may be assigned or otherwise transferred by either party hereto without the prior written consent of the other party hereto, which consent may be granted or denied in the sole discretion of such other party.

10. This Agreement constitutes the entire agreement of the parties with respect to the subject matter hereof, and supersedes all previous proposals, oral and written, and all negotiations, conversations or discussions heretofore had between the parties related to this Agreement. Each party acknowledges that it has not been induced to enter this Agreement by any representations or statements, oral or written, not expressly contained herein.

11. This Agreement will not be deemed or construed to be notified, amended, rescinded, canceled or waived, in whole or in part, other than by written instrument signed by both of the parties hereto.

12. In the event that any of the terms of this Agreement are in conflict with any rule or law or statutory provision or otherwise unenforceable under the laws or regulations of any government or subdivision thereof, such terms will be deemed stricken from this Agreement, but such invalidity or unenforceability will not invalidate any of the other terms of this Agreement and this Agreement will continue in force, unless the validity or unenforceability or unenforceable provisions comprise an integral part of or are otherwise inseparable from the remainder of this Agreement.

13. This Agreement may be executed in two or more counterparts, and each such counterpart will be deemed an original thereof.

14. No failure by either party to take any action or assert any right hereunder will be deemed to be a waiver of such right in the event of the continuation or repetition of the circumstances giving rise to such right.

15. This Agreement is made in and shall be interpreted in accordance with the laws of the State of Minnesota. Any dispute or claim for damage under this agreement shall be resolved pursuant to the rules of the American Arbitration Association with Arbitration to be held in the city of Minneapolis, Minnesota.

IN WITNESS WHEREOF, the parties have caused the Agreement to be executed in duplicate as of the day first above written.

Diomed Holdings Inc

By: _____

Name: _____

Title: _____

Laser Peripherals, LLC

By: _____

Name: _____

Title: _____

3

By: _____

Name: _____

Title: _____

4

 **DIOMED**

# TELEFAX

**TO:** Nancy Arnold
Laser Peripherals LLC

**FROM:** Peter Klein

**FAX No.:** 1 763 525 8461

**REF:**

**No. PAGES:** 5

**DATE:** 02 April 2002

---

**Non Disclosure Agreement**

Please find to follow the signed Non Disclosure Agreement.

Regards

Peter Klein

CEO

> To Beverly
> Company Diomed Inc
> From Nicola
> Company
> Tel No.
> No. of Pages 5
> Ref No: 7688
> Post-it Fax Note
>
> please add to your files for pk.

Diomed Limited, Cambridge Research Park, Ely Road, Cambridge CB5 9TE, United Kingdom
Tel: +44 1223 729300   Fax: +44 1223 729329   Email: info@diomed-lasers.com   http://www.diomed-lasers.com
REGISTERED IN ENGLAND NUMBER 2338185 VAT NO. 539350801