

File Copy



J. THOMAS VITT
(612) 340-5675
FAX (612) 340-8856
vitt.thomas@dorsey.com

July 15, 2004

Michael A. Albert, Esq.
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Ave.
Boston, MA 02210-2206

    Re:    Diomed, Inc. et al. v. Vascular Solutions, Inc., et al.

Dear Michael:

    Following our recent discussions regarding Diomed's identification of trade secrets and confidential information ("Trade Secret Information") allegedly disclosed to Nancy Arnold, I thought I would put our request in writing and offer the support for our position. The Complaint in Civil Action No. 03-CV-12498-RWZ ("Trade Secret Case") alleges that Diomed disclosed Trade Secret Information to Arnold regarding the design of the Improved EVLT®System and Diomed's plans to market the system. Although the Complaint specifically mentions the EVLT® Marked Sheath as Trade Secret Information disclosed to Arnold, the remaining descriptions of Trade Secret Information are broad and vague.

    Defendants request that Diomed specifically identify all of the Trade Secret Information allegedly disclosed to Arnold and produce the documents evidencing the disclosure. VSI proposes that Diomed do so before VSI produces documents in Civil Action No. 104-CV-10444-RGS ("Patent Case"), and has submitted Interrogatory Nos. 4-6 in the Trade Secret Case requesting that Diomed identify the Trade Secret Information. The reason for disclosing Trade Secret Information first, before the production of documents, is threefold. First, VSI is entitled to know specifically what Trade Secret Information was allegedly disclosed early in the litigation to determine the scope of the lawsuit. Second, VSI has an interest and obligation to protect its own confidential information from unnecessary disclosure and cannot determine what information is relevant without understanding the trade secrets potentially at issue. Third, identifying the Trade Secrets Information first, before the production of documents, eliminates any possibility that Diomed may "craft" its trade secret allegations based on the information disclosed in discovery.

    VSI's request is supported by the case law. See, e.g., Microwave Research Corp. v. Sanders Assoc., Inc., 110 F.R.D. 669, 673 (D. Mass. 1986); Smithkline Beecham Pharm. Co., v. Merch, 766 A.2d 442, 447 (Del. 2000). Indeed, "ordering the listing of trade secrets at the outset of the litigation is a common requirement." Porous Media Corp. v. Midland Brake Inc., 187 F.R.D. 598, 600 (D. Minn. 1999); see also Automated Tech., Inc. v. Eller, 160 F.Supp.2d 915, 926 (S.D. Cal. 2001); Del Monte Fresh Produce Co. v. Dole Food Co., Inc., 148 F.Supp.2d 1322, 1323-25 (S.D. Fla. 2001). Moreover, this case is particularly well-suited for the early

DORSEY & WHITNEY LLP • WWW.DORSEY.COM • T 612.340.2600 • F 612.340.2868
SUITE 1500 • 50 SOUTH SIXTH STREET • MINNEAPOLIS, MINNESOTA 55402-1498
USA  CANADA  EUROPE  ASIA

**Exhibit C**



Michael A. Albert, Esq.
July 15, 2004
Page 2

identification of Trade Secret Information. Diomed's allegations that Arnold misappropriated Trade Secret Information are based on the non-disclosure agreement between Diomed and Laser Peripherals. That agreement requires that written disclosures of confidential information be marked as confidential and any oral disclosures must be confirmed in writing within three days. Therefore, in order to file the Complaint alleging that Arnold breached the non-disclosure agreement, you necessarily must have identified documents supporting that claim. If the disclosure was in writing, there must be a marked document evidencing that disclosure; if the disclosure was oral, there must be a document confirming that disclosure. Those documents should have been identified under Rule 26 as part of Diomed's initial disclosures, and we request that you identify and produce them now. We understand from your Complaint and recent emails that Diomed is also attempting to base a claim on verbal disclosures that were not confirmed in writing as required by the agreement. We dispute the validity of that claim. Putting that issue to one side, however, you should have no difficulty in identifying Mr. Klein's verbal disclosures to Ms. Arnold. Mr. Klein knows what he told Ms. Arnold, and their dealings occurred during a brief time period.

      We look forward to your response.

                              Very truly yours,

                              J. Thomas Vitt

JTV/TRT:rew

DORSEY & WHITNEY LLP