IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED INC., DIOMED
HOLDINGS INC. and DIOMED
LIMITED,

Plaintiffs,

v.

VASCULAR SOLUTIONS, INC.
and NANCY L. ARNOLD,

Defendants.

Civil Action No. 03 CV 12498 RWZ

**VSI'S FIRST SET OF
INTERROGATORIES AND
REQUESTS FOR THE PRODUCTION
OF DOCUMENTS AND THINGS TO
PLAINTIFFS**

**TO:** Plaintiffs, Diomed Inc., Diomed Holdings Inc. and Diomed Limited, and their attorneys, Michael A. Albert, Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210.

Vascular Solutions, Inc., ("VSI"), by its attorneys, submit the following interrogatories and requests for production of documents and things to Plaintiffs pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. The interrogatories are to be answered under oath within thirty (30) days of service. Designated documents are to be produced at the offices of Ruberto, Israel & Weiner, P.C., 100 North Washington, Boston, Massachusetts 02114.

### DEFINITIONS

1.    The Uniform Definitions in Discovery Requests in D. Mass. Local Rule 26.5 are hereby incorporated by reference.

2.    "You," "yours," "Diomed" and "Plaintiffs" shall, unless the context indicates otherwise, apply collectively to all three plaintiff entities, shall have the meaning for "Plaintiff" set forth in D. Mass. Local Rule 26.5(c)(5), and shall also include:

    (a)    all entities or names under which Plaintiffs have done business; and
    (b)    anyone acting or purporting to act on behalf of Plaintiffs.

**Exhibit E**

3.    "VSI" means Defendant Vascular Solutions, Inc.

4.    "Arnold" means Defendant Nancy Arnold.

5.    "Improved EVLT System" means the system allegedly produced by Diomed for treating varicose veins as described in Paragraph 17 of the Complaint.

6.    "EVLT Marked Sheath" means the sheath allegedly developed for use with the Improved EVLT System as described in Paragraph 18 of the Complaint.

7.    "Improved EVLT Kit" means the product marketed and sold by Diomed for the treatment of varicose veins as described in Paragraph 18 of the Complaint.

8.    "EVLT System" means the system produced by Diomed for treating varicose veins as described in Paragraph 13 Complaint.

9.    "EVLT Kit" means the product manufactured and distributed by Diomed for treating varicose veins as described in Paragraph 12 of the Complaint.

10.    "Design Trade Secrets" means the trade secrets allegedly revealed to Arnold regarding the conception, design and development of the Improved EVLT System as described in Paragraphs 31 and 32 of the Complaint.

11.    "Marketing Trade Secrets" means the trade secrets allegedly revealed to Arnold regarding the marketing of the Improved EVLT System as described in Paragraphs 33-37 of the Complaint.

12.    "Diomed-LP NDA" means the non-disclosure agreement entered into between Diomed and Laser Peripherals, Inc., on or about April 2, 2002 as described in the Complaint.

13.    "Arnold Plan" means the Fibersdirect Inc. Business Plan 2002 created by Nancy L. Arnold as described in the Complaint.

2

14.    "Vari-Lase Kit" means the product marketed and sold by VSI for the treatment of varicose veins.

15.    "VSI's Assurance of Compatibility" means the document attached as Exhibit 4 to the Complaint.

16.    "EVLT trademark" means the Federal Trademark registered under No. 2,715,197 in international class 10 as described in the Complaint.

## INSTRUCTIONS

1.    If any document identified in an answer to an interrogatory or document request was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it. No document requested to be produced herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2.    If objection is taken to any of the following interrogatories or requests, state the specific grounds for the objection and provide an answer to the extent there is no objection. If privilege is alleged as to information or materials, or if documents are not produced in response to a request because of a claim of privilege, state the specific grounds for claiming privilege and respond to said request to the extent to which it is not objected, including the identification of all information or materials for which privilege is claimed. Such identification shall include, without limitation, the author(s), all recipients, and the date of the document, and the general subject matter of the document, including whether it constitutes an opinion of counsel.

3.    Each interrogatory and request to produce is continuing in nature. Please supply by timely and appropriate amendment or supplementation, additional answers or documents that are necessary to ensure the truthfulness and completeness of all your answers.

3

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify all persons with knowledge or information relevant to the claims and defenses in this matter, and describe generally the subject matter of each person's knowledge or information.

**INTERROGATORY NO. 2**: Identify all persons that Diomed plans to call as witnesses at the trial of this matter, and state the subject matter of each person's expected testimony.

**INTERROGATORY NO. 3**: For each count in the Complaint, state the total amount of damages Diomed claims, describe in detail Diomed's calculation of those alleged damages, and identify all documents concerning Diomed's damages claims.

**INTERROGATORY NO. 4**: Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold and was marked pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure and marking of Confidential Information or Trade Secrets took place, and identify all documents establishing the marking and the date of the marking of the Confidential Information or Trade Secrets allegedly disclosed to Arnold.

**INTERROGATORY NO. 5**: Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold verbally and was confirmed in writing pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure and confirmation in writing took place, and identify all documents establishing the confirmation in writing of the alleged Confidential Information or Trade Secrets allegedly disclosed to Arnold.

**INTERROGATORY NO. 6**: Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed

4

claims was disclosed to Nancy Arnold verbally and was not confirmed in writing pursuant to

Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure took

place, and identify all documents concerning the alleged verbal disclosure to Arnold.

**INTERROGATORY NO. 7:** Identify each instance in which Diomed claims VSI used

the abbreviation "ELT" as a trademark in connection with the marketing or sale of goods, and

identify all documents concerning such use.

**INTERROGATORY NO. 8:** For each interrogatory, identify the person or persons who

provided the information to answer the interrogatory.

### REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**    All documents concerning Design Trade Secrets and Marketing

Trade Secrets, including, but not limited to, trade secrets related to the EVLT Marked Sheath.

**REQUEST NO. 2:**    All documents and communications concerning your marketing

plan for the Improved EVLT System, including, but not limited to, documents related to the

intended date the Improved EVLT System would be offered to the public.

**REQUEST NO. 3:**    All documents concerning the value of the Design Trade Secrets

and Marketing Trade Secrets.

**REQUEST NO. 4:**    All documents concerning Diomed's ownership of the Design

Trade Secrets and Marketing Trade Secrets.

**REQUEST NO. 5:**    All documents concerning domestic and international patents

concerning endovenous laser therapy, including, but not limited to, patent applications,

correspondence with the U.S Patent and Trademark Office and foreign patent offices, and the

issued patents.

**REQUEST NO. 6:**    All documents concerning Diomed's expenditures in developing

the Improved EVLT System.

**REQUEST NO. 7:**   All documents concerning Diomed's expenditures in developing the Design Trade Secrets and Marketing Trade Secrets.

**REQUEST NO. 8:**   Complete, packaged samples of all versions of the Improved EVLT Kit and EVLT Kit.

**REQUEST NO. 9:**   All prototypes of the Improved EVLT Kit and EVLT Kit.

**REQUEST NO. 10:**   A complete, unaltered sample of an EVLT Marked Sheath, if not included in the samples produced in response to Requests Nos. 9 and 10.

**REQUEST NO. 11:**   All documents concerning your policies, procedures and efforts for protecting confidential, proprietary and trade secret information.

**REQUEST NO. 12:**   All documents identifying information concerning the Improved EVLT System as confidential, proprietary or a trade secret.

**REQUEST NO. 13:**   All documents concerning communications with third parties about the Design Trade Secrets and Marketing Trade Secrets, including, but not limited to, the disclosure of such trade secrets to third parties.

**REQUEST NO. 14:**   All documents concerning Diomed's filings or communications with regulatory agencies regarding the EVLT System or Improved EVLT System.

**REQUEST NO. 15:**   All documents concerning communications and/or agreements with manufacturers or suppliers of components of the Improved EVLT Kit and EVLT Kit.

**REQUEST NO. 16:**   All documents concerning the Diomed-LP NDA, including, but not limited to, notes and correspondence pertaining to negotiations of the Diomed-LP NDA, drafts of the Diomed-LP NDA, and information disclosed under the Diomed-LP NDA.

**REQUEST NO. 17:**   All non-disclosure agreements between Diomed and third parties concerning endovenous laser therapy.

6

**REQUEST NO. 18:** All documents concerning the attempted business transaction between Diomed and Laser Peripherals, Inc., in 2001-2002, as described in the Complaint.

**REQUEST NO. 19:** All documents concerning communications between Peter Klein and Nancy Arnold, including but not limited to, the conversation in which Klein allegedly disclosed confidential information related to the EVLT Marked Sheath and Improved EVLT System, as described in Paragraphs 29-32 of the Complaint.

**REQUEST NO. 20:** All documents concerning information allegedly disclosed to Arnold regarding the expected launch of, market for and projected sales of the Improved EVLT Kit.

**REQUEST NO. 21:** All documents marked "confidential" which were disclosed to Arnold.

**REQUEST NO. 22:** All documents concerning written confirmation of oral disclosures of confidential information to Arnold.

**REQUEST NO. 23:** All documents concerning the Arnold Plan, including, but not limited to, drafts, notes and communications relating to the Arnold Plan.

**REQUEST NO. 24:** All documents concerning the letter of intent entered into between Diomed and Laser Peripherals on or about April 30, 2002, including, but not limited to, drafts of the letter of intent and correspondence related to the letter of intent.

**REQUEST NO. 25:** All communications between Diomed and Nancy Arnold.

**REQUEST NO. 26:** All documents concerning communications between Diomed and Nancy Arnold, including, but not limited to, memoranda and notes.

7

**REQUEST NO. 27:**  All documents concerning Diomed's claim that Arnold misappropriated confidential information or trade secrets belonging to Diomed in breach of the Diomed-LP NDA.

**REQUEST NO. 28:**  All documents concerning Diomed's claim that confidential information or trade secrets were disclosed to Arnold not otherwise requested in these requests for the production of documents and things.

**REQUEST NO. 29:**  All documents concerning Vascular Solutions, Inc.

**REQUEST NO. 30:**  All communications between Diomed and Vascular Solutions, Inc.

**REQUEST NO. 31:**  All documents concerning the public statements you allege in Paragraph 43 of the Complaint were made by Howard Root.

**REQUEST NO. 32:**  All documents concerning the similarity between the EVLT Marked Sheath and the marked sheath in the Vari-Lase Kit, as you allege in Paragraphs 44 and 45 of the Complaint.

**REQUEST NO. 33:**  All documents concerning the establishment of the EVLT trademark, including, but not limited to, the file history of the application to the U.S. Patent and Trademark Office for the EVLT trademark.

**REQUEST NO. 34:**  All documents or communications concerning enforcement actions for the EVLT trademark.

**REQUEST NO. 35:**  All documents concerning your efforts to establish the EVLT brand as referred to in Paragraph 52 of the Complaint, including, but not limited to, advertising and marketing plans.

**REQUEST NO. 36:** All documents concerning VSI's alleged use of the abbreviation "ELT" and term "Endovenous Laser Therapy" to market its laser products as alleged in Paragraph 57 of the Complaint.

**REQUEST NO. 37:** All documents concerning VSI's use of the abbreviation "ELT" and term "Endovenous Laser Therapy" to suggest that Diomed is the source of VSI's laser treatment products as alleged in Paragraph 57 of the Complaint.

**REQUEST NO. 38:** All documents used to promote or market EVLT products that are similar to materials used to promote or market Vari-Lase products, as you allege in Paragraph 69 of the Complaint.

**REQUEST NO. 39:** All documents concerning the benefit Diomed perceives VSI has received from allegedly associating its products with those produced by Diomed, as alleged in Paragraph 69 of the Complaint, including any brand recognition or marketing studies regarding VSI and Diomed products.

**REQUEST NO. 40:** All documents concerning the public's alleged confusion between the EVLT trademark and VSI's use of the abbreviation "ELT" or the term "Endovenous Laser Therapy" as alleged in Paragraphs 96, 97 and 104 of the Complaint.

**REQUEST NO. 41:** All documents concerning Diomed's policies, practices and guidelines for the use of its EVLT trademark.

**REQUEST NO. 42:** All documents concerning your use of the EVLT trademark, including, but not limited to, advertisements, brochures, packaging material, literature using the EVLT trademark, and all versions of websites created by Diomed concerning endovenous laser therapy.

9

**REQUEST NO. 43:** All documents concerning any secondary meaning of the EVLT trademark, including, but not limited to, focus group reports and market surveys.

**REQUEST NO. 44:** All documents concerning your use of the term EVLT as an abbreviation of the procedure for treating varicose veins.

**REQUEST NO. 45:** All communications with AngioDynamics, Inc. concerning its use of the abbreviation ELVS.

**REQUEST NO. 46:** All communications with biolitec Inc. concerning its use of the abbreviation ELVeS.

**REQUEST NO. 47:** All communications with Dornier Med Tech, Inc. concerning its use of the abbreviation ELAS.

**REQUEST NO. 48:** All documents concerning communications to customers or potential customers concerning the EVLT kit or Improved EVLT Kit, including, but not limited to, trip reports.

**REQUEST NO. 49:** All documents identifying customers of the EVLT Kit or Improved EVLT Kit.

**REQUEST NO. 50:** All documents concerning the amount of money spent on advertising and marketing the EVLT System and Improved EVLT System.

**REQUEST NO. 51:** All documents concerning warranties for laser consoles manufactured or distributed by Diomed.

**REQUEST NO. 52:** All documents concerning Diomed's policies regarding repairs made under warranty for laser consoles manufactured or distributed by Diomed.

10

**REQUEST NO. 53:**  All documents concerning Diomed's rejection of customer requests to repair laser consoles manufactured or distributed by Diomed which are under warranty.

**REQUEST NO. 54:**  All documents concerning VSI's Assurance of Compatibility.

**REQUEST NO. 55:**  All documents concerning Diomed's alleged lost sales because of the actions taken by VSI or sales of the Vari-Lase kit.

**REQUEST NO. 56:**  All documents concerning Diomed's alleged lost sales because of VSI's Assurance of Compatibility.

**REQUEST NO. 57:**  All documents concerning communications to Diomed employees or sale representatives regarding VSI or the Vari-Lase Kit.

**REQUEST NO. 58:**  All documents concerning your claims of tortious interference.

**REQUEST NO. 59:**  All documents supporting or concerning your responses to the Interrogatories contained herein or otherwise identified in your responses to these Interrogatories.

**REQUEST NO. 60:**  All documents you reviewed in preparing your written responses to the Interrogatories contained herein.

**REQUEST NO. 61:**  To the extent not otherwise requested herein, all documents concerning your claims.

**REQUEST NO. 62:**  All documents concerning your damages claims.

**REQUEST NO. 63:**  All documents provided to or by any expert in connection with this lawsuit.

11

**REQUEST NO. 64:** All documents concerning financial reports for the EVLT Kit, including, but not limited to, documents showing unit sales, profits and revenue related to the EVLT Kit.

**REQUEST NO. 65:** All documents concerning financial reports for the Improved EVLT Kit, including, but not limited to, documents showing unit sales, profits and revenue related to the Improved EVLT Kit.

**REQUEST NO. 66:** All documents concerning the organizational structure of Diomed, including, but not limited to, organizational charts.

VASCULAR SOLUTIONS, INC.

Dated: July 7, 2004

By Its Attorneys,

Steven L. Feldman (BBO #162290)
John R. Bauer (BBO #630742)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

J. Thomas Vitt
Todd R. Trumpold
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-5675

12

CERTIFICATE OF SERVICE

I, John R. Bauer, hereby certify that on July 7, 2004, a true copy of the above document was served by hand upon the attorney of record for Plaintiffs.

_____
John R. Bauer

U:\JRB\Vascular Solutions\Pleadings\Def First Set of Int and Req for Prod of Doc and Things.doc

13