RECEIVED AUG 2 4 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIOMED INC., DIOMED HOLDINGS INC.
and DIOMED LIMITED,

Plaintiffs,

VASCULAR SOLUTIONS, INC. and
NANCY L. ARNOLD,

Defendants.

Civil Action No. 03 CV 12498 RWZ

## DIOMED'S ANSWERS TO VSI'S FIRST SET
## OF INTERROGATORIES TO PLAINTIFFS

Plaintiffs Diomed, Inc., Diomed Holdings, Inc., and Diomed Ltd. (together "Diomed")

answer the First Set of Interrogatories to Plaintiffs by Vascular Solutions, Inc. ("VSI") as

follows:

### GENERAL OBJECTIONS

1.      Diomed objects to interrogatories that call for information protected by the
attorney-client privilege or work product immunity.

2.      Diomed objects to providing information that Diomed is under a legal or
contractual duty not to disclose to a third party.

3.      Diomed objects, under Rule 26(b)(1), to interrogatories requesting information
not relevant to the claim or defense of either party.

4.      Diomed objects to interrogatories requesting confidential information, without
entry of an adequate protective order.

814341

**Exhibit G**

## ANSWERS

## INTERROGATORY NO. 1

Identify all persons with knowledge or information relevant to the claims and defenses in this matter, and describe generally the subject matter of each person's knowledge or information.

## RESPONSE NO. 1

David Swank
Diomed

James Wylie
Diomed

They have information concerning Diomed's losses caused by VSI's actions, in addition to information concerning Diomed's development of certain technologies for the treatment of varicose veins.

Peter Klein
Diomed

Peter Klein had contact with Arnold while she worked for Laser Peripherals and disclosed certain confidential and trade secret information to her and has other information relevant to the claims and defenses of the parties.

Nancy L. Arnold
VSI

Howard Root
VSI

Tony Jakubowski
VSI

Mike Nagel
VSI

814341                                  2

Deborah Neymark
VSI

The individuals have information concerning VSI's use of Diomed's trade secret information and VSI's use of "ELT" and "Vari-Lase."

Persons having contact with VSI and Laser Peripherals may also have relevant information.

## INTERROGATORY NO. 2

Identify all persons that Diomed plans to call as witnesses at the trial of this matter, and state the subject matter of each person's expected testimony.

## RESPONSE NO. 2

Diomed has not yet determined what witnesses it will call at trial.

## INTERROGATORY NO. 3

For each count in the Complaint, state the total amount of damages Diomed claims, describe in detail Diomed's calculation of those alleged damages, and identify all documents concerning Diomed's damages claims.

## RESPONSE NO. 3

The misappropriation of trade secrets by VSI and Arnold deprived Diomed of the full benefits of being the first to market the improved laser kit.

VSI's willful use of the trademark ELT damaged Diomed's EVLT® trademark by causing it to lose significance as an indicator of origin.

VSI's false statements contained in its "Assurance of Compatibility" damaged Diomed by causing it to lose sales and suffer damage to its business reputation.

VSI's tortious interference with Diomed's non-disclosure agreements with Arnold, and Arnold's breach of those agreements, damaged Diomed through use of information confidential and proprietary to Diomed.

The federal and common law unfair competition as well as unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A of VSI and Arnold also damaged Diomed.

At this preliminary stage, Diomed is as yet unable to determine the amount of the damages it suffered as a result of the actions of VSI and Arnold. At a minimum, these damages will include VSI's profits and Diomed's lost profits as well as the costs and fees from pursuing this action.

## INTERROGATORY NO. 4

Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold and was marked pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure and marking of Confidential Information or Trade Secrets took place, and identify all documents establishing the marking and the date of the marking of the Confidential Information or Trade Secrets allegedly disclosed to Arnold.

## RESPONSE NO. 4

During the discussions between Diomed and Laser Peripherals, a significant amount
of confidential information was provided by Diomed personnel to Arnold under the
protection of the Diomed-LP NDA to maintain certain Diomed information confidential. In
addition separate oral agreements between Arnold and Diomed existed in which Arnold
agreed to maintain the confidentiality of certain Diomed information disclosed to her.
Included in that information disclosed to Arnold were the following items:

- Diomed's planned enhancements to EVLT® sheath, including markers on fibers, markers
  on sheath, technical details of the sheath and other improvements intended to assure
  proper delivery of energy.
- Diomed's pursuing of patent protection covering a number of improvements to its
  EVLT® kit.
- Diomed's anticipated launch date for its improved EVLT® products.
- Diomed's proprietary overall marketing and strategy plans.
- Diomed's proprietary estimates made anticipating the size of the potential EVLT®
  market.
- Diomed's proprietary sales projections for its sheath product.
- Diomed's proprietary assumptions regarding future pricing and sales.
- Diomed's proprietary production costs.
- Diomed's proprietary anticipated profits.
- The confidential strategic plan for using the potential merged entity FibersDirect for web-
  based sales.

This confidential information was provided to Arnold for purposes of Diomed's
acquisition of Laser Peripherals ("LP") as well as to assure Arnold that Diomed was well-
positioned to maintain its status as an industry leader after the acquisition. Arnold requested this
information on behalf of herself and LP for purposes of evaluating the acquisition on behalf of
LP and for the purposes of evaluating Arnold's future employment with the acquired entity.

The information was provided by Diomed for purposes of ensuring that LP, and the eventual acquired entity, could handle the expected business activities of Diomed after the merger. The information was also provided to provide LP's employees, including Arnold, a smooth transition from transacting business on behalf of LP to transacting business on behalf of a Diomed subsidiary.

This information was exchanged throughout the spring and summer of 2002.

Throughout the exchange of this information Arnold was acting under the Diomed-LP NDA as well as under oral agreements to maintain Diomed information confidential. The Letter of Intent signed by Diomed and Arnold incorporated this agreement of confidentiality and provided written confirmation that these sensitive materials were to be kept confidential. The actions of both Diomed personnel and Arnold throughout the acquisition discussions reflect the knowledge and intent by all parties to maintain this information in the strictest confidence. Arnold understood the need for her to take steps to ensure the information's confidentiality and to uphold her fiduciary duty to Diomed.

Pursuant to Fed. R. Civ. Pro. 33(d), the answer to this interrogatory is also reflected in one or more documents which will be produced by Diomed to VSI.

**INTERROGATORY NO. 5**

Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold verbally and was confirmed in writing pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure and confirmation in writing took place, and identify all documents establishing the confirmation in writing of the alleged

Confidential Information or Trade Secrets allegedly disclosed to Arnold.

## RESPONSE NO. 5

See the Response to Interrogatory No. 4.

## INTERROGATORY NO. 6

Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LPNDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold verbally and was not confirmed in writing pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure took place, and identify all documents concerning the alleged verbal disclosure to Arnold.

## RESPONSE NO. 6

See the Response to Interrogatory No. 4.

## INTERROGATORY NO. 7

Identify each instance in which Diomed claims VSI used the abbreviation "ELT" as a trademark in connection with the marketing or sale of goods, and identify all documents concerning such use.

## RESPONSE NO. 7

Pursuant to Fed. R. Civ. Pro. 33(d), the answer to this interrogatory is reflected in one or more documents which will be produced by Diomed to VSI.

**INTERROGATORY NO. 8**

For each interrogatory, identify the person or persons who provided the information to answer the interrogatory.

**RESPONSE NO. 8**

James J. Foster, Esq.
Ilan N. Barzilay, Esq.
WOLF, GREENFIELD & SACKS, P.C.

Hollis Gonerka Bart, Esq.
Christine M. Fecko, Esq.
MCGUIRE WOODS LLP

Peter Klein
Diomed

8

I make the above interrogatory answers under oath on behalf of Diomed, Inc., Diomed Holdings Inc. and Diomed Limited, and state that they have been prepared with the assistance of counsel, that they are based on my personal knowledge, the personal knowledge of Diomed employees, or on information obtained from corporate records, and that the answers are true to the best of my knowledge and belief.

James Wylie
Diomed, Inc.
Chief Executive Officer

As to objections,
Dated: August 20, 2004

James J. Foster
Ilan N. Barzilay
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 646-8646

## CERTIFICATE OF SERVICE

I certify that on August 20, 2004, I served by mail a copy of the above document upon counsel for the Plaintiff:

Steven L. Feldman, Esq.
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, MA  02114

Tom Vitt, Esq.
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN  55402-1498

814341                                    9