IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., DIOMED HOLDINGS, INC., and DIOMED LIMITED,<br><br>        Plaintiffs,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC. and NANCY L. ARNOLD,<br><br>        Defendants. | CIVIL ACTION NO. 03-CV-12498 RWZ |

**OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

Plaintiffs Diomed Inc., Diomed Holdings, Inc. and Diomed Limited (together "Diomed") hereby oppose the motion to compel filed by Defendant Vascular Solutions, Inc. ("VSI"). Filed in support of this Opposition is the accompanying Declaration of James J. Foster.

Diomed has already produced to VSI all documents responsive to its requests for production and has fully answered its interrogatories. At the time VSI filed its motion to compel Diomed was in the process of gathering documents for production. Three days after VSI filed its motion Diomed produced over 5000 pages to VSI. These materials, combined with Diomed's interrogatory answers, contain all the documents and information sought by VSI in its motion to compel. Diomed therefore respectfully requests that VSI's motion to compel be denied.

**ARGUMENT**

**I.    Diomed Produced All Responsive Documents.**

VSI's motion sought to compel Diomed to produce documents that had been "marked" or that constituted a "written confirmation" of certain oral disclosures relevant to certain portions of Diomed's trade secret action against the defendants. Present counsel for Diomed had originally

been retained as local counsel but has recently taken over as lead counsel. (Foster Dec. ¶ 2). In a conversation with counsel for VSI on August 6, Diomed's counsel indicated that he was unaware if such documents existed, but that if they did they would be produced "as soon as possible." (Foster Dec. ¶ 8, Vitt Dec. ¶¶ 8, 9). Diomed's counsel searched for these documents and gathered other responsive materials from Diomed and from prior counsel. (Foster Dec. ¶ 4). Diomed notified VSI of this search but VSI filed its motion anyway. (Foster Dec. ¶ 5).

Diomed produced all documents and materials in its possession that were responsive to the requests cited in VSI's motion. (Foster Dec. ¶¶ 6, 9). VSI moved to compel Diomed to produce documents that had been "marked" or that constituted a "written confirmation" of certain oral disclosures. (Motion at 14). In counsel's review of Diomed's materials no documents were found that fit that description. (Foster Dec. ¶ 7). Diomed has already produced everything it has. The motion to compel should therefore be denied. (Foster Dec. ¶ 9).

**II.**   **Diomed's Interrogatory Answers Are Responsive And Proper.**

In addition to the request for documents, discussed above, VSI moved to compel Diomed for "complete" answers to VSI's Interrogatories 4-6, which had requested plaintiffs to "identify and describe in detail" the confidential information or trade secrets that were disclosed to Nancy Arnold. (Motion at 14). The existing answers provided that information in considerable detail. (See the reproduction of Diomed's answers in VSI's Motion, pp. 8-9).

VSI did not appear to question the sufficiency of detail of Diomed's answer, only the absence of any mention of documents that were "marked" or that would have constituted "written confirmation" of certain oral disclosures. As discussed above, no documents were found that fit that description. (Foster Dec. ¶ 11).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DIOMED, INC., DIOMED HOLDINGS, INC., and DIOMED LIMITED, |
| Dated: September 23, 2004 | By its attorneys, |
|  | /s/ James J. Foster<br>James J. Foster (BBO #553285)<br>Wolf, Greenfield & Sacks, P.C.<br>600 Atlantic Avenue<br>Boston, MA  02210<br>(617) 720-3500 |