IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 SEP 24  P 1:07

U.S. DISTRICT COURT
DISTRICT OF MASS.

DIOMED, INC., DIOMED HOLDINGS, INC., and DIOMED LIMITED,

Plaintiffs,

v.

VASCULAR SOLUTIONS, INC. and NANCY L. ARNOLD,

Defendants.

CIVIL ACTION NO. 03-CV-12498 RWZ

## DECLARATION OF JAMES J. FOSTER

1. I am counsel for Plaintiffs in this action. I submit this declaration under penalty of perjury in opposition to the motion of Defendants to compel.

2. My firm was originally retained to act as local counsel. Recently, we were asked to take over as lead counsel.

3. The Complaint stated a number of claims against Defendants, including misappropriation of trade secrets.

4. After receiving Defendants' request for document production, we collected from our clients, as well as from prior counsel, a large quantity of documents believed to be responsive.

5. On Thursday September 2, 2004, I sent Thomas Vitt, counsel for Defendants, an email (Exh. A) stating that we were still gathering documents and it would be several days before Diomed could produce documents. After the

1

documents were processed, we forwarded them to Vitt by FedEx on September 10 as part of a document exchange.

6. We did not withhold from production any documents responsive to the requests cited in Defendants' motion.

7. Defendants stated they were seeking to compel production of documents that had been "marked" or that constituted a "written confirmation" of certain oral disclosures. In our review of the clients' documents, we did not find any that fit that description.

8. Nor have we ever claimed to have such documents. As Vitt admitted in his declaration (¶ 8), my colleague, Michael Albert, informed him on August 6 that he did not know if any such documents even existed.

9. We have produced everything we have. The motion to compel production of documents is therefore pointless.

10. The motion also asked for "complete" answers to Interrogatories 4-6, which had requested plaintiffs to "identify and describe in detail" the confidential information or trade secrets that were disclosed to Nancy Arnold. The existing answers provided that information in considerable detail. As best I can interpret the motion papers, defendants have not questioned the sufficiency of detail in which the answers described the confidential information or trade secrets.

11. Rather, the issue with regard to interrogatory answers appeared to be the same as that with the document requests. Defendants wanted to know if there were any documents that were "marked" or that would constitute "written

confirmation" of certain oral disclosures. As discussed above, we have found none that fit that description.

Dated: September 23, 2004

_____
James J. Foster

# EXHIBIT A

### Barzilay, Ilan

**From:** Foster, James
**Sent:** Thursday, September 02, 2004 4:04 PM
**To:** 'Vitt, Thomas'; Albert, Michael
**Cc:** Barzilay, Ilan
**Subject:** RE: Diomed v. VSI/Arnold

Tom -- As a follow-up to our telephone conversation this morning, I inquired about producing our documents and was told that production of the documents in the patent case has been delayed by at least the next few days by the need to coordinate with the other patent cases. This would not seem to prevent an exchange in the trade secret case, but this morning you said that you were not segregating your documents between the patent and trade secret cases. JJF

> -----Original Message-----
> **From:** Vitt, Thomas [mailto:Vitt.Thomas@dorsey.com]
> **Sent:** Friday, August 27, 2004 4:59 PM
> **To:** Albert, Michael; Foster, James
> **Cc:** Barzilay, Ilan
> **Subject:** RE: Diomed v. VSI/Arnold
>
> One other question. We are ready to exchange our documents. Are you? We could copy and send them to you next week, if you can commit to doing the same with yours.
>
> Tom Vitt
> Dorsey & Whitney LLP
> Suite 1500
> 50 South Sixth Street
> Minneapolis, MN 55402-1498
> Phone: (612) 340-5675
> Fax: (612) 340-8856
> e-mail: vitt.thomas@dorsey.com
>
> CONFIDENTIAL COMMUNICATION: E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.
>
> > -----Original Message-----
> > **From:** Vitt, Thomas
> > **Sent:** Friday, August 27, 2004 3:23 PM
> > **To:** 'Albert, Michael'; 'Foster, James'
> > **Cc:** 'Barzilay, Ilan'
> > **Subject:** RE: Diomed v. VSI/Arnold
> >
> > Dear Michael and James: Diomed's answers to Interrogatories 4-6 are an obvious evasion; you have broken the promise you made to me on August 6 to obtain the discovery extension; and you are in ongoing violation of the initial disclosure rules. Unless I have supplemental answers to the

9/23/2004

questions clearly posed by Interrogatories 4-6 and a specific identification and production of the documents requested by the interrogatories in hand by September 1, we will move to compel and for our costs and attorneys' fees.

On another topic, please reserve 3 days the week of October 3 for a deposition of Peter Klein, a Rule 30(b)(6) deposition of Diomed on the trade secret issues, and Rule 30(b)(6) depositions on the false advertising and trademark issues. Specific notices will follow next week.

Tom Vitt
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
Phone: (612) 340-5675
Fax: (612) 340-8856
e-mail: vitt.thomas@dorsey.com

CONFIDENTIAL COMMUNICATION: E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.

-----Original Message-----
**From:** Vitt, Thomas
**Sent:** Friday, August 13, 2004 8:24 AM
**To:** 'Albert, Michael'
**Cc:** Foster, James; Barzilay, Ilan
**Subject:** RE: Diomed v. VSI/Arnold

Dear Michael: I write to follow up on our discussion of last Friday and to repeat my request that Diomed produce the documents, if any exist, immediately. Your promise to produce these documents as soon as possible was the basis for my agreement to your request that the parties delay responding to the discovery requests for two weeks. If these documents exist, there is no reason why you shouldn't have been able to provide them to me weeks ago, as the chronology below amply demonstrates.

1) The non-disclosure agreement requires that any written disclosure of confidential information must be marked, and any verbal disclosure must be confirmed in writing within three days of disclosure. Therefore, to have a factual basis to file the Complaint alleging that Ms. Arnold breached the non-disclosure agreement, Diomed's counsel must have reviewed a written document or documents evidencing the alleged disclosures to Ms. Arnold, and must have done so before December 11, 2003.

2) I requested these documents in a July 2, 2004 email to Holly Bart, copy to you.

3) I repeated that request in my letter of July 15, 2004 to you, and pointed out that these documents should have been specifically identified as part of Diomed's Rule 26 initial disclosures served on July 6, 2004. (These documents are clearly a "category" of documents that Diomed "may use to support its claims," because without them there can be no claim for breach of the nondisclosure agreement). You and I also discussed this issue a couple of times in this early July time frame, in the context of my request that Diomed identify all trade secrets and confidential information allegedly disclosed to Nancy Arnold before production of defendants' documents.

4) On August 6, 2004, the day interrogatory answers identifying these documents were due, your colleague Ilan Barzilay called me to request a two-week extension of time. Later

that same day, you told me that you could not tell me whether any such documents existed, explaining that you had only recently taken over the lead in the case from Ms. Bart. I pointed out that, to have a legitimate basis to file the Complaint, Ms. Bart's firm had to have reviewed the documents before filing, and obtaining copies should be as simple as a phone call to Ms. Bart. You agreed, as you state below, to produce the documents as soon as possible. It is now August 13, six weeks since these documents should have been identified and produced, and I have not heard from you.

Do any such documents exist, and if so, when can I see them?

Tom Vitt
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN  55402-1498
Phone: (612) 340-5675
Fax:  (612) 340-8856
e-mail: vitt.thomas@dorsey.com

-----Original Message-----
**From:** Albert, Michael [mailto:Michael.Albert@WolfGreenfield.com]
**Sent:** Friday, August 06, 2004 3:47 PM
**To:** Vitt, Thomas
**Cc:** Foster, James; Barzilay, Ilan
**Subject:** Diomed v. VSI/Arnold

Re:  Diomed, Inc. v. Vascular Solutions, Inc. and Nancy Arnold
Civil Action No.: 03cv12498 RWZ
Our File No.:  D0610.60000US00

Dear Tom:

This will confirm our agreement that the parties will each have a two week extension to provide written responses to discovery requests in the above captioned case. Each party's responses will therefore be due on Friday August 20, 2004. We will produce documents responsive to your interrogatory regarding the breach of contract claim as soon as possible. The parties also agree to arrange a date, after the above written responses are produced, on which they will exchange requested documents.

**Michael A. Albert**
malbert@wolfgreenfield.com
direct dial 617.573.7840
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
617.720.3500 | 617.720.2441 fax
*This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.*

9/23/2004