IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED INC., DIOMED HOLDINGS INC. and DIOMED LIMITED,<br><br>    Plaintiffs,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC. and NANCY L. ARNOLD,<br><br>    Defendants. | Civil Action No. 03-CV-12498-RWZ<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT VASCULAR SOLUTIONS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ANSWERS TO INTERROGATORIES 4, 5, AND 6** |

  Diomed's response to VSI's Motion to Compel is no response at all. Diomed offers no justification for why it has not provided complete, accurate, sworn answers to Interrogatories 4-6. Instead of a sworn answer, Diomed has provided only the declaration of its counsel, Jim Foster, stating that: 1) Diomed does not have any documents, marked as required by the NDA, showing disclosures of confidential information in documentary form; and 2) Diomed does not have any written confirmations confirming the verbal disclosure of confidential information as required by the NDA. See Declaration of James J. Foster, attached to Opposition to Defendant's Motion to Compel ("Foster Dec."), at ¶ 7. Mr. Foster's declaration is not sufficient; instead, VSI is entitled to a sworn, straightforward answer *from Diomed* to Interrogatories 4-6. Diomed's flagrant disregard for the rules of civil procedure has resulted in a needless waste of the Court's and VSI's time. Pursuant to Fed. R. Civ. P. 37, VSI requests that the Court order Diomed to

provide complete, accurate and sworn answers to Interrogatories 4, 5 and 6 and reimburse VSI for its reasonable attorneys' fees in bringing the motion.[1]

## I.  Diomed Has Not Provided Complete, Sworn Answers To Interrogatories 4-6.

Rule 37 requires Diomed to provide complete, accurate, sworn answers to VSI's interrogatories. Diomed has not complied with the Rule. First, according to Mr. Foster's declaration, Diomed's answers to Interrogatories 4-6 are not accurate. Interrogatories 4, 5, and 6 ask Diomed to identify three distinct categories of confidential and trade secret information allegedly disclosed to Arnold.

1) Interrogatory 4 asks Diomed to identify and describe in detail each item of confidential information that Diomed claims "was disclosed to Nancy Arnold and was marked" pursuant to the NDA.

2) Interrogatory 5 asks Diomed to identify and describe in detail each item of confidential information that Diomed claims "was disclosed to Nancy Arnold verbally and was confirmed in writing" pursuant to the NDA.

3) Interrogatory 6 asks Diomed to identify and describe in detail each item of confidential information that was disclosed to Nancy Arnold verbally and was not confirmed in writing pursuant to the NDA.

The full text of Interrogatories 4, 5 and 6 are as follows:

---

[1] If Diomed will swear to Mr. Foster's statements that there are no marked documents or written confirmations, that will indeed moot VSI's motion to compel production of those (apparently nonexistent) documents.

2

**INTERROGATORY NO. 4:**  Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold and was marked pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure and marking of Confidential Information or Trade Secrets took place, and identify all documents establishing the marking and the date of the marking of the Confidential Information or Trade Secrets allegedly disclosed to Arnold.

**INTERROGATORY NO. 5:**  Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold verbally and was confirmed in writing pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure and confirmation in writing took place, and identify all documents establishing the confirmation in writing of the alleged Confidential Information or Trade Secrets allegedly disclosed to Arnold.

**INTERROGATORY NO. 6:**  Identify and describe in detail each alleged item of Confidential Information (as defined in the Diomed-LP NDA) or Trade Secrets that Diomed claims was disclosed to Nancy Arnold verbally and was not confirmed in writing pursuant to Paragraph 1 of the Diomed-LP NDA, state the date on which each such alleged disclosure took place, and identify all documents concerning the alleged verbal disclosure to Arnold.

Counsel for Diomed now states (under oath) that there are no documents pertaining to confidential or trade secret information disclosed to Arnold in writing, or documents confirming, in writing, oral disclosures to Arnold.  Foster Dec. at ¶ 7.  Indeed, Diomed has produced no documents that appear to satisfy this request.  If Mr. Foster's declaration is accurate, and we believe it is, the true answer to Interrogatories 4 and 5 is "None."

However, Diomed's answers to Interrogatory Numbers 4 and 5 – which pertain only to information allegedly disclosed to Arnold in writing or confirmed in writing – list numerous topics of information which were allegedly disclosed to Arnold.  Based on the statements of Diomed's counsel, Diomed's answers to Interrogatories 4 and 5 cannot be

3

correct.[2]  The Court therefore should order Diomed to answer Interrogatory Numbers 4 and 5 accurately.

Second, Diomed has not provided *sworn* answers to VSI's interrogatories.  To date, Diomed's interrogatory answers – all of them – remain unattested to.  Even though counsel for Diomed has now sworn that there is no information in response to Interrogatory Numbers 4 and 5, these answers must be affirmed as true and accurate answers by a representative of Diomed to satisfy the requirements of Rules 33 and 37.  The Court should order Diomed to make such an attestation.

Third, Diomed's answers are incomplete.  Interrogatory Number 6, which apparently is the only relevant interrogatory, requests confidential and trade secret information allegedly disclosed to Arnold verbally but not confirmed in writing pursuant to the NDA.  For its answer to Interrogatory Number 6, Diomed refers defendants to its answer to Interrogatory Number 4.  Even accepting Diomed's answer to Interrogatory Number 4 as its answer to Interrogatory Number 6, Diomed's answer is still incomplete; it does not identify the specific confidential or trade secret information disclosed, the date on which the disclosure(s) was made, or documents associated with the disclosed information.  *See* Discovery Requests (Vitt. Dec. Ex. E) (asking Diomed to "[i]dentify and describe in detail each alleged item…disclosed to Nancy Arnold verbally…the date on which each such alleged disclosure took place…[and] all documents concerning the

---

[2]  As stated in its opening brief, VSI questions how Diomed's answer to any of these interrogatories can accurately answer all three interrogatories, given that each interrogatory asks for a completely distinct category of information.  Diomed makes no attempt to explain how its answer to Interrogatory 4 can logically satisfy Interrogatories 5 and 6.

4

alleged verbal disclosure to Arnold."). Diomed must provide answers to these categories of information before its answers are complete. The Court should therefore compel Diomed to answer these categories of information.[3]

## II.    Diomed Produced Documents Only in Response to this Motion.

Even though Diomed repeatedly promised VSI that it would produce documents pertaining to the trade secrets allegedly disclosed to Nancy Arnold – one of these promises in exchange for an extension of time from VSI – Diomed did not produce any documents until threatened by this Motion. Even then, Diomed reacted by producing only a portion of documents – none of them relevant to VSI's request.[4] Diomed cannot now brush off the fact that no information exists after promising to produce it to VSI and forcing VSI to bring the Motion to get it. Diomed must reimburse VSI for the unnecessary attorneys' fees and costs of bringing this Motion.

## III.    Diomed Should Pay Defendants' Costs in Bringing this Motion.

Diomed has not substantially justified its continuing failure to respond to VSI's interrogatories. Federal Rule of Civil Procedure 37(a)(4)(A) makes clear that the court shall require payment of the moving party's attorneys' fees and costs unless the party has substantial justification for not responding to the discovery request. The comments to Rule 37 states this "should deter the abuse implicit in carrying or forcing a discovery

---

[3]    Diomed inexplicably claims that "VSI did not appear to question the sufficiency of detail of Diomed's answer." Diomed Brief at 2. This is not correct. VSI's Memorandum specifically asks Diomed to fully answer Interrogatory Numbers 4, 5 and 6 and spells out the information missing from Diomed's response.

[4]    The bulk of Diomed's documents (approximately 7,500 pages) were not produced 3 days after this Motion as Diomed claims, but 10 days later on September 17, 2004.

dispute to the court when no genuine dispute exists." Fed. R. Civ. P. 37(a)(4)(A) cmt sub. (a)(4).  This aspect of the Rule "presses the court to address itself to abusive practices."  *Id.*  VSI gave Diomed ample opportunity to provide this information and Diomed failed to fulfill its obligations.  Diomed is required to pay VSI's reasonable expenses, including attorneys' fees, in bringing this motion.

## CONCLUSION

For the reasons cited above, Defendants respectfully request that the Court order Diomed to:

1) provide complete, accurate, sworn answers to Interrogatories 4, 5, and 6; and

2) pay VSI's attorneys' fees and costs incurred in bringing this motion.

Dated:  October 5, 2004     Respectfully submitted:

VASCULAR SOLUTIONS, INC. and
NANCY L. ARNOLD


By  /s/ J. Thomas Vitt
J. Thomas Vitt
Todd Trumpold
DORSEY & WHITNEY LLP
50 South Sixth Street, Ste. 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

 /s/ Eric R. Barber-Mingo
Steven L. Feldman (BBO # 162290)
Eric R. Barber-Mingo (BBO #564031)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
Telephone: (617) 742-4200