IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., DIOMED HOLDINGS, INC., AND DIOMED LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC. AND NANCY L. ARNOLD,<br><br>Defendant. | CIVIL ACTION NO. 03-CV-12498 RWZ |

**SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

Diomed respectfully requests leave to file this surreply to correct misstatements made by Defendants in their recent Reply Memorandum:

- Defendants implied (Rep. M. at 1) that Diomed "concedes" that Arnold did not commit a breach of contract. Diomed did not and does not concede this. (See Opp. at 5-12). Diomed's evidence was that Arnold had agreed with Klein, on behalf of Diomed, not to use or disclose certain information, and Arnold later, as an employee of VSI, breached that agreement. That agreement is enforceable, either as a self-contained agreement, separate from the NDA, or as a modification of the NDA, sustainable under Mankato Implement, Inc. v. J.I. Case Co., 1991 U.S. Dist. LEXIS 20082 at *9 (D. Minn. 1991).

- Defendants' asserted that Diomed did not disclose the VNUS catheter to the Patent Office. (Rep. M. at 2). Such disclosure, however, occurred on June 13, 2005. (See Supplemental Barzilay Dec. ¶ 2). For good measure, Diomed also disclosed to the Patent Office Defendants' Memorandum in Support of Summary Judgment as well as

914169.1                                    1

Defendants' Statement of Facts in this action.[1] (Id.). After reviewing Defendants' arguments and statement of facts the Examiner still determined that Diomed's invention of a medical laser device including the marked introducer sheath was <u>not obvious</u>, and issued a new Notice of Allowance on July 6, 2005. (Id.; Ex. 1).

- Defendants mistakenly claimed that Diomed "does not dispute" that VSI's use of "ELT" was a descriptive fair use. (Rep. M. at 2). Diomed was clear in its opposition that VSI's use of "ELT" was an infringement and not a fair use. (<u>See</u> Opp. at 14-16).

- Defendants claimed that Diomed "does not dispute" that Diomed uses "EVLT®" as an abbreviation for the procedure of laser vein treatment. (Rep. M. at 3). EVLT® is a source identifier for Diomed's laser vein procedure and is not a generic term for the procedure generally. (<u>See</u> Opp. at 12-14). In addition to Diomed's U.S. registration to EVLT® (<u>see</u> McManus Dec. Ex. U), Diomed has a U.K. Registration to EVLT® and an International Community Trademark Registration to EVLT®. (<u>See</u> Supp. Barzilay Dec. ¶¶ 3-5; Exs. 2 and 3). VSI tacitly acknowledged that it has not even attempted to come up with the kind of voluminous compelling evidence necessary to overcome the strong presumption resulting from the conclusions of three separate trademark offices that this registered mark is not generic.

- Dr. Elias's website does not use EVLT® generically, as VSI claims. (<u>See</u> Rep. M. at 3-4). Rather, it uses the mark in its proper trademark sense, to indicate that he performs Diomed's laser vein procedure (and not some other company's). (Dr. Elias uses another federally-registered trademark, VNUS®, in precisely the same manner) Defendants offered <u>no</u> evidence from the industry to prove genericness, such as a survey or even an

---

[1] Prior to disclosing Defendants' Statement of Facts Diomed confirmed with Defendants' counsel that none of the

2

affidavit contrary to Dr. Elias's. Thus, the <u>only</u> evidence from the industry is a sworn declaration that EVLT® is <u>not</u> generic. As allowed by Rule 56, summary judgment on this issue could properly enter for Diomed, the <u>non</u>-movant.

- Defendants argued that there is no proof of damage because only one customer who switched from Diomed to VSI because of VSI's marked sheath was identified by name. But this argument proves Diomed's point. (Rep. M. at 5). That at least one significant customer switched shows that Diomed <u>was</u> damaged by VSI's tortious conduct. VSI's argument may go to the <u>quantum</u> of damages, but merely confirms that Diomed has suffered some damage, which makes summary judgment inappropriate.

DIOMED INC., DIOMED HOLDINGS INC., and DIOMED LIMITED,

By their counsel,

Dated: July 11, 2005

/s/ Michael A. Albert
Michael A. Albert (BBO #558566)
malbert@wolfgreenfield.com
James J. Foster (BBO #553285)
jfoster@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210
Tel: (617) 720-3500

---

information contained in that statement was confidential to Defendants.