UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., DIOMED HOLDINGS INC. and DIOMED LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>VASCULAR SOLUTIONS, INC. and NANCY L. ARNOLD,<br><br>Defendants. | Civil Action No.: 03-12498-RWZ |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant/Plaintiff-in-Counterclaim Vascular Solutions, Inc. ("VSI") and Defendant Nancy L. Arnold ("Arnold") submit this memorandum in opposition to Plaintiffs' request for leave to file its Surreply and Supporting Declaration of Ilan Bazilay in Opposition to Defendants' Motion for Summary Judgment ("Surreply"). Local Rule Civ. P. 7.1(B)(3) expressly prohibits the filing of surreplies without leave of the Court. In addition, Local Rule Civ. P 7.1(A)(2) requires that a party confer with opposing counsel before moving for leave to file a surreply. Diomed neither sought leave of the Court nor the consent of Defendants prior to filing the Surreply and supporting documents on July 11. Indeed, by filing its Surreply, Diomed also ignores the strict instructions given by this Court at the May 3, 2005 status conference. Diomed did not request a Surreply and the Court did not provide for surreplies in its briefing schedule. It was very clear that the parties were to respect the page limits for the briefs. Defendants' adherence to the Court's instructions should not be to their detriment.

Diomed's utter disregard for the Court's rules and instructions is particularly egregious because the Surreply is completely unnecessary. All of the arguments raised by Diomed in the Surreply either (1) could be made at oral argument, scheduled only two days after the filing of the Surreply, or (2) have already been made to some degree in Diomed's Memorandum in Opposition. Defendants intend to rebut the arguments raised in the Surreply at the July 13, 2005 hearing.

Given the clarity of the Court's instructions and the standards set by the local rules, the Court should: (a) deny Diomed's request for leave to file its Surreply and supporting documentation and (b) strike Diomed's Surreply and documentation filed on July 11, 2005.

Respectfully submitted,

VASCULAR SOLUTIONS, INC. and
NANCY L. ARNOLD

By their attorneys,

/s/ Steven L. Feldman
Steven L. Feldman (BBO #162290)
Karen Van Kooy (BBO #644484)
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, Massachusetts 02114-2128
Telephone: (617) 742-4200

~and~

J. Thomas Vitt MN #183817
Todd R. Trumpold MN #313890
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402-1498
Telephone: (612) 340-2600

Dated: July 12, 2005

## **CERTIFICATE OF SERVICE**

   I hereby certify that I served Defendants' Opposition to Plaintiffs' Request For Leave to File a Surreply In Opposition to Defendants' Motion For Summary Judgment to the parties listed below by mailing a copy of same, postage prepaid, this 12th day of July, 2005. All other parties of record have received a copy of this document electronically.

Hollis Gonerka Bart, Esq.
Christine M. Fecko, Esq.
McGuire Woods LLP
1345 Avenue of the Americas
7th Floor
New York, New York 10105



               /s/  Steven L. Feldman

U:\CPR\Steven Feldman\Vascular Solutions\Diomed Holdings\OppositionToPlaintiffs'Surreply.doc