UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-12498-RWZ

DIOMED, INC., DIOMED HOLDINGS, INC., and
DIOMED LIMITED

v.

VASCULAR SOLUTIONS, INC., and
NANCY ARNOLD

MEMORANDUM OF DECISION

March 2, 2006

ZOBEL, D.J.

Plaintiffs Diomed, Inc., Diomed Holdings, Inc., and Diomed Limited (collectively, "Diomed") filed a twelve-count complaint against defendants Vascular Solutions, Inc. ("VSI") and Nancy Arnold ("Arnold"), alleging various trade secret, infringement of Diomed's EVLT trademark, unfair competition, contract and tort claims. Defendants brought one counterclaim, alleging that the EVLT trademark was invalid because it was generic. In June 2005, defendants moved for summary judgment on all counts and on their counterclaim.

At the motion hearing, plaintiff agreed to voluntarily dismiss several of the claims, including the trademark infringement and derivative claims. (See Summ. J. Hearing Tr., at 31). VSI, however, decided not to abandon its trademark counterclaim against Diomed. (See Defs.' July 18, 2005 Letter). That is, although plaintiff had dropped its claim that VSI had infringed the EVLT trademark, VSI persisted in arguing

that the EVLT trademark was invalid. On January 31, 2006, I granted in part and denied in part defendants' motion as to the remaining counts. Specifically, I allowed the trade secret misappropriation and derivative claims to go forward, but dismissed the breach of contract and tortious interference claims, as well as any derivative claims. (See Diomed, Inc. v. Vascular Solutions, Inc., No. 03-12498, --- F. Supp. 2d ---, 2006 WL 229118 (D. Mass. 2006). Defendants now argue that two issues raised in their summary judgment motion were not resolved in my January 31, 2006 order. These issues, which I now address, are: (1) whether defendants are entitled to summary judgment on damages, and (2) whether defendant VSI is entitled to summary judgment on its own trademark invalidity counterclaim.

I.  Damages

Defendants seek summary judgments on the remaining trade secret misappropriation claim (Count I) and derivative claims (Counts XI and XII), arguing that plaintiff cannot prove damages. To the extent that plaintiff seeks damages, rather than injunctive relief, see, e.g., Gen. Elec. Co. v. Sung, 843 F. Supp. 776, 778-80 (D. Mass. 1994), it may pursue damages under one of three theories: lost profits, unjust enrichment, or reasonable royalty, see Curtiss-Wright Corp. v. Edel-Brown Tool & Die Co., 381 Mass. 1, 11 (1980). Such damages must be shown with reasonable certainty, though mathematical precision is not required. E.g., Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 413 (2003). Indeed, in business tort cases, where the focus is on the wrongfulness of the defendant's conduct, "the award of damages is permissible on meager evidence." BBF, Inc. v. Germanium Power Devices Corp., 13

Mass. App. Ct. 166, 177 (1982). Here, where plaintiff's contention is that defendants misappropriated the marked sheath technology, it must demonstrate that VSI's introduction of the marked sheath technology caused plaintiff damages that can be shown with reasonable certainty.

In this case, plaintiff has presented evidence of damages that is—while slim—sufficient to withstand a summary judgment motion. For example, James Wylie, a Diomed executive, testified that customers uniformly wanted a product with a marked sheath and that after VSI introduced its product into the market, Diomed's sales "lost significant momentum." (Trumbold Decl., Ex. G, at 63-65). Another Diomed employee testified that VSI's marked sheath was the "principal reason for the customers who switched from Diomed to Vascular Solutions." (Id., Ex. F, at 154). He also testified that once Diomed introduced a marked sheath product, it was able to recapture some of those customers. (Id., Ex. F, at 154-55). Although it is "meager," this evidence meets the standard of certainty deemed permissible in business tort cases. BBF, Inc., 13 Mass. App. Ct. at 177. Accordingly, defendants' motion for summary judgment on the basis of damages is denied.

II.   Trademark Invalidity Counterclaim

Defendant VSI also seeks summary judgment on its counterclaim alleging trademark invalidity as to the EVLT trademark, of which Diomed is the federally registered owner. VSI argues that the EVLT trademark is generic because to the extent that EVLT is used as an abbreviation for a medical procedure (i.e., endovenous laser therapy or endovenous laser treatment), those terms are generic and the abbreviation

3

is accordingly generic. Diomed counters that EVLT is a trademark referring to its laser therapy products and services, not to a type of product, and not to the medical procedure.

Registration creates a presumption of trademark validity, see 15 U.S.C. § 1057(b); Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 209 (2000), and, more specifically, a presumption that the mark is non-generic, see Nartron Corp. v. STMicroelectronics, Inc., 305 F.3d 397, 405 (6th Cir. 2002). That presumption, however, may be rebutted. Id. "A generic term is one that is commonly used as the name of a kind of goods . . . . Unlike a trademark, which identifies the source of a product, a generic term merely identifies the genus of which a particular product is a species." Liquid Controls Corp. v. Liquid Control Corp., 802 F.2d 934, 936 (7th Cir.1986) (citations omitted). "If a mark's primary significance is to describe a type of product rather than the producer, it is generic and is not a valid trademark." Nartron Corp., 305 F.3d at 404.

Whether a term is generic is a question of fact, see Boston Beer Co. Ltd. P'ship v. Slesar Bros. Brewing Co., 9 F.3d 175, 180 (1st Cir. 1993). The record in this case contains disputed factual issues precluding summary judgment. While VSI cites to evidence that medical professionals use EVLT to refer to the medical procedure generally, rather than to Diomed's product specifically, Diomed has provided numerous medical and academic references in which other terms—such as "laser vein treatment" or "laser vein ablation"—are used to refer to the procedure. (McManus Decl.). In addition, a Diomed executive testified that doctors used the term "EVLT" to refer to the

4

endovenous laser treatment procedure only when it is done with Diomed's product. (Barzilay Decl., Ex. 2, 94-95). Perhaps most important, VSI's own employees were expressly instructed by VSI management not to use the term EVLT to refer to VSI's Vari-Lase product. (Id., Ex.9, at 93-94). Indeed, the VSI employee stated that "[i]f someone refers to the procedure as EVLT, I correct them that <u>that is a trademarked acronym</u> and that our procedure and its products are called Vari-Lase." (Id., Ex. 9, at 94). At the summary judgment hearing, VSI's counsel represented that VSI had ceased using ELT, which was the basis for Diomed's trademark infringement claim; in other words, VSI implicitly accepted Diomed's right to protect its EVLT mark. (Hearing Tr. 28-29). On the basis of that representation, Diomed agreed to drop its trademark infringement claim. (Id.). VSI cannot now claim an entitlement to summary judgment on its trademark invalidity claim having previously implicitly conceded that it would not infringe the disputed mark.

III.   <u>Conclusion</u>

As to the outstanding issues raised in defendants' motion for summary judgment (#44 on the docket), summary judgment on damages is denied, and summary judgment on the counterclaim is denied.

_____      /s/ Rya W. Zobel_____
     DATE                            RYA W. ZOBEL
                                     UNITED STATES DISTRICT JUDGE